UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATACHA NOBILE,<br><br>                     Plaintiff,<br><br>           -against-<br><br>BORACK OBAMA ADMINISTRATION,<br><br>                     Defendant. | 23-CV-7417 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order and judgment dated and entered on October 10, 2023, the Court dismissed this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). (ECF 6, 7). On October 23, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit. (ECF 8.) On October 24, 2023, Plaintiff filed a motion in which she appears to offer the Court 70% of the proceeds that she would have collected, if she had been successful with this action – an action that the Court had already dismissed. (ECF 11.)

The Court construes Plaintiff's October 24, 2023 motion as a motion seeking reconsideration, under Local Civil Rule 6.3, and also seeking to alter or amend a judgment, under Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons discussed below, the denies Plaintiff's motion.

## DISCUSSION

**A.    Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider her motion for relief under Local Civil Rule 6.3 and Rule 59(e). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects

of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A). If a party files a notice of appeal before the district court disposes of such a motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Clerk of Court entered judgment on October 10, 2023. Plaintiff therefore had 28 days, or until November 7, 2023, to file a timely Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e). She filed her motion on October 24, 2023, within 28 days after the Court issued its October 10, 2023 order. The Court therefore has jurisdiction to consider her request.[1] *See* Fed. R. App. P. 4(a)(4)(B)(iv).

**B.      Relief under Rule 59(e) and Local Civil Rule 6.3**

A party who moves to alter or amend a judgment under Rule 59(e), or seeks reconsideration under Local Civil Rule 6.3, must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for motions under Rule 59(e) and for motions for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."

---

[1] A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). Plaintiff's Rule 6.3 motion was filed within 14 days of the October 10, 2023 entry of judgment and is therefore timely.

*Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation mark and citations omitted)).

Plaintiff does not demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of this action. The Court dismissed Plaintiff's claims as frivolous, and Plaintiff argues nothing that would convince the Court to reverse such a dismissal. The Court therefore denies relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

The Court construes Plaintiff's motion (ECF 9) as a motion seeking reconsideration relief under Local Civil Rule 6.3, and also seeking to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and the Court denies that motion.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court may direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 31, 2023
         New York, New York

                                                     /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                     Chief United States District Judge